**SO ORDERED.**

**SIGNED this 6th day of March, 2015.**





Robert E. Nugent
United States Chief Bankruptcy Judge

DESIGNATED FOR ONLINE PUBLICATION ONLY

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

IN RE:                                    )
                                          )
DOUGLASS RYAN STEWART,                    )    Case No. 13-13038
SHAWNEA MARIE STEWART,                    )    Chapter 7
                                          )
      Debtors.                            )
_____)

## ORDER ON MOTION FOR TURNOVER OF INCOME TAX REFUND

The State of Kansas has determined that the earned income tax credit (EIC) portion of a bankrupt debtor's federal and state income tax for one year is exempt, except for collection of child support. Bankruptcy trustees may not recover that part of a debtor's prepetition federal or state income tax refund for the benefit of the estate. Here, the debtors made a general assignment of a portion of their refunds to their attorney to cover his fees and the filing fee in this case. They argue that these fees should be collected solely from the non-

1

exempt portion of the refunds; the trustee says that the EIC portion may bear part of that burden as well. Because the debtors' assignment didn't discriminate between the exempt and non-exempt portions, and because nothing in Kansas or federal law precludes a debtor from encumbering otherwise exempt property, the assignment, after being allocated between the state and federal refunds, may be deducted from the whole tax refund (net of the child support setoff), not just the nonexempt portion.[1]

Facts[2]

Debtors Douglass and Shawnea Stewart filed their chapter 7 bankruptcy case on November 26, 2013. Shortly before filing, debtors granted an assignment of their 2013 federal and state income tax refunds to their bankruptcy attorney Martin Peck for his attorney fees in the amount of $1,175 and their filing fee in the amount of $306.[3] They also assigned their refunds to two former spouses of Mr. Stewart to pay back child support obligations that accrued during 2013. The assignment made no distinction between the EIC portion and non-EIC portion of their refunds.

---

[1] Debtors appear by their attorney Martin J. Peck. The chapter 7 trustee J. Michael Morris appears on his own behalf.
[2] The parties submit this matter to the Court on stipulations and briefs. *See* Dkt. 61 and 64 (Stipulations and supporting Exhibits A-F).
[3] The assignment in this case assigns the 2013 tax refunds and does not restrict the assignment to the pre-petition portion of their refunds. *Cf. In re Hunter,* No. 09-12270, 2011 WL 1749933 (Bankr. D. Kan. May 5, 2011).

2

The debtors' 2013 tax returns reflect a federal refund of $7,932 of which $6,044 is an earned income tax credit and a state refund of $1,063 of which $1,027 is an earned income tax credit. The Kansas Department of Children and Families (KDCF) setoff these refunds to collect Mr. Stewart's child support arrearage. It setoff $1,119 from the federal refund (but refunded $1,084.25 back to debtors) and setoff $884.73 from the state refund. Debtors received the balance of their refunds in February of 2014 – a total of $8,075.52 comprised of a net federal refund of $7,897.25 and a net state refund of $178.27. From these refunds, debtors paid $1,481 to Mr. Peck for his attorney fees and the bankruptcy filing fee pursuant to the assignment.

In May of 2014 the trustee filed the subject motion for turnover of the 2013 tax refunds.[4] He sought the estate's share (330/365ths = .9041095) of the net refunds after application of the EICs and attorney fees assignment, and the KDCF set off, or $1,354.77. The trustee asserts that the EIC portion of the refunds must share ratably with the non-EIC portion with regard to the amount of the attorney fees assignment. The trustee also sought turnover of the $200 sanction previously ordered against debtors for failing to timely provide their tax returns to the trustee.[5]

Analysis

---

[4] Dkt 49 and 55.
[5] The trustee abandoned his request for turnover of non-exempt wages. *See* Dkt. 61, ¶ 8.

3

This case presents a slight variation on an otherwise common theme: reconciling a trustee's turnover rights with a debtor's lawyer's tax refund assignment for fees. The variation results from these debtors' refunds having been set off by the Kansas Department of Children and Families to pay child support arrearage claims against Douglas Stewart and the fact that these debtors' earned income credit accounts for such a large portion of their refunds. The setoff issues have been resolved by agreement between the trustee and the debtors, so the remaining question is whether the debtors' general assignment of their refund for attorney fees includes the EIC portion of the refund or whether the fees should be withheld solely from the non-exempt, non-EIC portion. Doing the latter burdens the estate while doing the former burdens the debtors' KAN. STAT. ANN. § 60-2315 EIC exemption.

Kansas exempts the federal and state EIC portion of a bankruptcy debtor's tax refunds for one tax year.[6] Typically, debtors exempt that part of their state and federal refunds for the year preceding the one in which they file. The exemption statute also says that nothing in § 60-2315 should be read to limit the state or federal government's rights to offset or attach the EIC portion for payment of support or maintenance. Accordingly, in this case, KDCF's intercept of the debtors' 2013 refund does not impair the debtors' exemption and doesn't factor into today's decision.

---

[6] KAN. STAT. ANN. § 60-2315 (2013 Supp.).

4

I have issued a series of orders dealing with attorney fee assignments and trustee turnover. These orders can be distilled to several principles that guide my decision here. First, I have previously ruled that depending upon the nature of the assignment, an assignment for attorney's fees or costs (including filing fees advanced) should be prorated between the debtor's federal and state tax refunds based upon the proportion each refund's amount bears to the sum of the refund amounts. Those fees should then be deducted from the refunds before the trustee attempts to allocate them between the pre- and post-petition periods.[7]

Likewise, I have held that a set off for a tax debt should not be taken from either the exempt or post-petition portion of a debtor's refund; instead, burdening the estate's share of the refund with a tax set off is entirely consistent with the priority scheme of the Bankruptcy Code. Just as the tax debt would be paid before general unsecured creditors in a chapter 7 distribution, the funds a taxing authority withheld from the prepetition refund should reduce the estate's take from the refund.[8] Finally, I have held that a

---

[7] *Redmond v. Carson (In re Carson),* 374 B.R. 247 (10th Cir. BAP 2007). Allocating the debtor's tax refund between the pre- and post-petition years is required by *In re Barowsky*, 946 F.2d. 1516, 1518 (10th Cir. 1991) (determining that the pre-petition portion of a debtor's tax refund is property of the bankruptcy estate when the relevant tax year ended post-petition). *See also In re Roy,* No. 12-11246, Dkt. 39 at pp. 7-8 (Bankr. D. Kan. Sept. 24, 2013) (Unpublished) (prorating refund assignment for attorney fees between federal and state refund prior to *Barowsky* pre- and post-petition allocation).

[8] *In re Roy,* No. 12-11246, Dkt. 39 at pp. 8-10 (Bankr. D. Kan. Sept. 24, 2013).

specific pre-petition assignment of that portion of the debtor's refund that accounts for the prepetition portion of the filing year is enforceable against the trustee in a turnover proceeding because the debtor's making that assignment is conceptually identical to the debtor paying a retainer from funds that would otherwise wind up in the estate.[9]

In this case, the Stewarts seek to further refine this rule by asking me to hold that a general assignment of a refund for attorney's fees cannot be charged against the EIC portion of their tax refund because it is exempt. They rely not on my ruling in *In re Roy*, but on its math. In *Roy*, I overruled the trustee's assertion that the debtor's EIC refund could be apportioned between the pre- and post-petition periods.[10] Following the BAP's and Judge Karlin's decisions in *In re Westby*, I instead held that any apportionment of the EIC that resulted in part of it being subject to turnover improperly burdened the § 60-2315 exemption.[11] I further held in *Roy* that deducting a debtor's attorney fee assignment from the entire refund (including the EIC portion) before apportioning it between the pre- and post-petition periods is proper. There, the debtor made a consensual assignment of the refund. Nothing in § 60-2315 prevents a debtor from waiving his or her EIC exemption by assigning it.[12] The

---

[9] *See In re Hunter,* No. 09-12270, 2011 WL 1749933 at *5 (Bankr. D. Kan. May 5, 2011).
[10] *In re Roy,* No. 12-11246, Dkt. 39 at pp. 10, 13. *See also In re Westby*, 486 B.R. 409 (10th Cir. B.A.P. 2013).
[11] *Roy, supra* at 10.
[12] *Id.* at pp. 13-14.

6

trustee relies on that statement in *Roy* to advocate that the debtor's exempt EIC portion of the refund should bear a ratable share of his or her attorney's fees assignment. I disagree with both parties.

In *Roy*, I first deducted the fee assignment (after allocating it between the state and federal refunds) from each refund and then deducted the EIC from each, granting the trustee's turnover application for the estate's apportioned share of the remainder of each.[13] Because the tax-based portion of the *Roy* refund was considerably larger than the EIC portion, no part of the debtors' EIC was affected by the attorney's fee assignment. That will not necessarily occur in every case. Here, for example, the Stewarts' EIC portion, $6,044, is significantly larger than the tax-based portion of their federal refund, $1,888, and all but $36 of their gross state refund is comprised of EIC. And, it is certainly possible that other debtors will have no tax-based refund, but still receive a substantial EIC refund. Whatever the case, however, the same principles upon which I decided *Hunter* and *Roy* apply.

The debtor may, in all cases, assign some or all of his or her prepetition income tax refund to the debtors' lawyer as a fee for work done preparing the bankruptcy case. This assignment is, as I have stated in other cases, not much different than debtors paying their lawyers a retainer from cash they have on hand prepetition.[14] The end result is that the attorney, not the estate, gets the

---

[13] *Id.* at p. 14.
[14] *In re Hunter,* 2011 WL 1749933 at *5 and *7.

7

money. A debtor's consensual tax refund assignment for fees and expenses that impairs the EIC portion of their refund is also entirely consistent with Kansas exemption law. Therefore I refuse to hold that an EIC refund can never be impaired by an attorney's fee assignment. I likewise decline to impose the proration scheme advocated by the trustee.

For better or worse, the Legislature has made a debtor's EIC-based tax refund exempt. Long-standing bankruptcy court authority and years of practice and custom have allowed debtors to assign their income tax refunds to their bankruptcy lawyers for fees and expenses. Nothing prevents the exempt portions from being consensually assigned, therefore nothing should prevent the deductions of both the EIC and the fees from the entire refund before applying the *Barowsky* apportionment of it between the pre- and post-petition year. This method is simple, straightforward, and consistent with Kansas and federal bankruptcy law and practice.

Therefore, the appropriate calculation of the estate's share of the debtors' 2013 tax refunds is as follows:

|  | **Federal** | **State** |
|---|---|---|
| Gross Refund | 7932.00 | 1063.00 |
| Less: KDCF Support Setoff | 34.75 | 884.73 |
| Net Refund | 7897.25 | 178.27 |

| | | |
|---|---|---|
| Less: Attorney Fee/Filing Fee Assignment ($1,481) prorated between federal and state refunds[15] | 1305.95 | 175.05 |
| Less: EIC exempt portion of refund | 6044.00 | 1027.00 |
| Net Refund Available for Turnover before *Barowsky* allocation | 547.30 | 0.00 |
| Estate's share of Refund (330/365 = .90410) | 494.81 | 0.00 |

As this calculation demonstrates, because nearly all of the gross state refund is EIC-based, the fee assignment burdens the EIC portion and no remainder subject to turnover exists; but a remainder of the federal tax refund in excess of the fee assignment and EIC portion exists and is subject to turnover. The trustee's motion for turnover is granted in part and debtors are ordered to turnover $494.81 to the trustee, together with the $200 sanction previously ordered by this Court.[16]

# # #

---

[15] The federal refund comprises 88.18% of the total gross refund ($7,932 ÷ $8,995); the state refund comprises 11.82% of the total gross refund ($1,063 ÷ $8,995).

[16] Dkt. 47.

9